**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **CANAL INDEMNITY COMPANY,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 10-CV-0431** |
| | § | |
| **RAFAEL OLIVAS, ORALIA SANCHEZ, and RAPID LOGISTICS, INC. D/B/A RAPID TRANSPORT,** | § § § | **JURY DEMANDED** |
| | § | |
| ***Defendants.*** | § | |

---

**DEFENDANT RAPID LOGISTICS, L.L.C. F/K/A RAPID LOGISTICS, INC. D/B/A RAPID TRANSPORT'S RESPONSE IN OPPOSITION TO PLAINTIFF CANAL INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant RAPID LOGISTICS, INC. D/B/A RAPID TRANSPORT (hereinafter referred to as "RAPID LOGISTICS"), and files this Response in Opposition to Plaintiff CANAL INDEMNITY COMPANY'S ("CANAL INDEMNITY") Motion for Partial Summary Judgment, and in support thereof would respectfully show the Court as follows:

## I.
## FACTUAL BACKGROUND

1. This is a declaratory judgment action arising from an incident in which Co-Defendant Rafael Olivas (hereinafter referred to as "OLIVAS") alleges the following in his state court lawsuit:

> On December 9, 2007, [Rafael] Olivas was driving a trailer-truck to make a delivery in Corsican, Texas. The tractor and trailer were owned, controlled and maintained by Defendants [Oralia Sanchez and Rapid Logistics, L.L.C.]. As Olivas was driving southbound on US-287 through Lelia Lake, the vehicle began to jackknife and struck another tractor-trailer. [Rafeal Olivas] was injured in this accident.

(*See* Exh. "A" at p. 2; Pl'.s Original Pet. in State Court Lawsuit) The vehicle Mr. Olivas was driving was owned by Co-Defendant ORALIA SANCHEZ (hereinafter referred to as "SANCHEZ"). Ms. Sanchez had an independent contractor operating agreement with RAPID LOGISTICS. At the time of the accident, the vehicle being driven by Mr. Olivas (the vehicle owned by SANCHEZ) was being driven under the DOT Authority of RAPID LOGISTICS. Plaintiff claims that at the time of the accident, Rafael Olivas was a statutory employee of Rapid Logistics. Defendant RAPID LOGISTICS denies this assertion.

2. After the accident, Defendant OLIVAS filed suit against RAPID LOGISTICS and ORALIA SANCHEZ in Hidalgo County, Texas ("Underlying Lawsuit"). The style of the Underlying Lawsuit is as follows: Cause No. CL-09-3264-E; *Rafael Olivas v. Oralia Sanchez and Rapid Logistics, L.L.C.;* County Court-at-Law No. 5 of Hidalgo County, Texas. Before the accident, CANAL INDEMNITY issued a policy of insurance ("Canal Policy") to RAPID LOGISTICS, and this policy was in effect at the time of the accident in question. (*See* Exh. "B"; Canal Indemnity Insurance Policy in Effect at Time of Accident and Any Related Endorsements)

3. In an attempt to evade its contractual obligations to defend and indemnify RAPID LOGISTICS, Plaintiff CANAL INDEMNITY now seeks an order from this Court declaring "that there is no coverage under the Canal Indemnity Company insurance policy or under the policy's federally mandated MCS-90 endorsement" because both the

policy and the endorsement exclude from coverage accidents involving employees. (*See* Exh. "C" at pp. 1-2; Pl.'s Mot. for Summ. J.) This contention is erroneous, and Plaintiff's Motion for Summary Judgment should be denied in its entirety.

## II. SUMMARY JUDGMENT STANDARD

4. Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir. 2006). A fact is *"material"* if it "*might affect* the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis added). Moreover, "the substantive law identifies which facts are material." *Canal Ins. Co. v. Flores,* 2009 WL 1033770, *3 (W.D. Tex. 2009) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.,* 85 F.3d 187, 189 (5th Cir. 1996)). "The movant has the burden of showing that there is *no* genuine issue of [material] fact." *Liberty Lobby,* 477 U.S. at 256 (emphasis added). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Of course, a district court is required to review all the evidence in the record and, in deciding whether a fact issue has been created, the facts and inferences to be drawn from them must be reviewed in a light most favorable to the nonmoving party. *Reeve v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003).

## III.
## INSURANCE CONTRACT PRINCIPLES UNDER TEXAS LAW APPLY

5. It is undisputed that this case is a diversity action, and, as such, this court should apply Texas law to the policy in question. *See Erie R.R. v. Tompkins,* 304 U.S.64, 78 (1938); *American Nat'l Gen. Ins. Co. v. Ryan,* 274 F.3d 319, 323 (5th Cir. 2001) (citation omitted) (interpreting Texas law for contract formed under Texas law). "Under Texas law, the same rules apply to the interpretation of insurance contracts as apply to the interpretation of other contracts." *Ryan,* 274 F.3d at 323 (citations omitted). The primary duty and concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex. 1995). Words of a policy are usually to be given their plain, ordinary and generally accepted meaning, unless the policy indicates that the contractual terms have been used in a different or technical manner. *Gulf Chem.,* 1 F.3d at 369.

6. When interpreting an insurance policy to give effect to the written expression of the parties' intent, the contract must be viewed in its entirety. *Texas Farmers Ins. Co. v. Murphy,* 996 S.W.2d 873, 879 (Tex. 1999). In interpreting the insurance policy, this court must determine the true intent of the contracting parties by considering and giving effect to all of the policy terms, not in isolation, but within the context of the entire policy so that no one provision is rendered meaningless. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998); *Balandran vs. Safeco Ins. Co. of Am.,* 972 S.W.2d 738 (Tex. 1998).

7. If, after applying the applicable rules of contractual construction, the insurance policy is susceptible to more than one reasonable interpretation, it will be deemed ambiguous and interpreted in favor of coverage for the insured. *See Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997). In this respect, there are two types of ambiguities, "patent" and "latent" ambiguities. A patent ambiguity is evident on the face of the contract, while a latent ambiguity arises when a contract that is unambiguous on its face is applied to the subject matter with which it deals and an ambiguity appears by reason of some collateral matter. *Id.* Moreover, even when the language in a policy may be definite, the meaning and scope of the language may still be ambiguous. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex. 1987).

8. Under Texas law, when language in an insurance policy is susceptible to more than one interpretation, the policy should be strictly construed against the insurer. *See Barnett*, 723 S.W.2d at 666; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex. 1991). Only if a policy can be given "a definite or certain legal meaning" will it be deemed unambiguous as a matter of law; in such an event, the policy will be enforced as written. *Id.* Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *CBI Indus., Inc.*, 907 S.W.2d at 520.

9. Exceptions to or limitations on liability are strictly construed against the insurer, and the construction that favors the insured must be adopted as long as the construction is objectively reasonable, even if another construction that favors the insurer is more reasonable, or even if the other construction is a more accurate

reflection of the parties' intent. *Utica Nat'l Ins. Co. v. American Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004); *see also Bay Elec. Supply, Inc. v. Travelers Lloyds Ins. Co.,* 61 F. Supp. 2d 611 (S.D. Tex. 1999) (applying Texas law). Thus, when the question of interpretation "involves an exception or limitation on [the insurer's] liability under the policy, an even more stringent construction is required." *Gulf Chem.,* 1 F.3d at 369. This is so because "the objective of an insurance policy is to insure; courts should not construe policies otherwise unless the language clearly requires it." *Goswick v. Employers Cas. Co..,* 440 S.W.2d 287, 289 (Tex. 1969). In circumstances where, as in the case at bar, the insurer seeks to avoid liability based on an exception or limitation, the *only* question is whether the construction advanced by the *insured* is a reasonable interpretation. *Hudson Energy Co.,* 811 S.W.2d at 555 (emphasis added).

10. Finally, under Texas law, the insurer bears the burden of proving that a particular exclusion bars coverage under the policy. *See* TEX. INS. CODE §554.002; *Texas Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 879 (Tex. 1999); *New Hampshire Ins. Co. v. Travelers Ins. Co.,* 993 F.2d 1195, 199 (5th Cir. 1993); *Bay Electric Supply Co.,* 61 F. Supp.2d at 619 (applying Texas law). A claim for coverage is excluded only if the claim clearly and unambiguously falls within the scope of the exclusion. *See State Farm Ins. Co. v. Reed*, 873 S.W.2d 698, 699 (Tex. 1993) ("An intent to exclude coverage must be expressed in clear and unambiguous language."). Application of these well-settled rules of construction to the policy in the instant action leads to but one conclusion: the claim for coverage does not fall within the scope of any exclusion and Plaintiff's motion for summary should be denied in its entirety.

## IV.
## CHANGING THE DEFINITION OF "EMPLOYEE" TO A "STATUTORY EMPLOYEE" FOR ALL PURPOSES THROUGHOUT THE INSURANCE POLICY IS NOT SUPPORTED BY THE MCS-90 FORM AND 49 C.F.R. 390.5

11. Plaintiff's invitation to disregard the definition of "employee," as used throughout the applicable insurance policy, and replace it with the federal definition of a "statutory employee" must be rejected. In this respect, the insurance policy itself specifically includes a definition for and employee that does not incorporate the definition under 49 CFR 390.5 (containing "statutory employee" definition). While the MCS-90 endorsement does change the definition of an employee to include independent contractors, it does so only for the purposes of 49 CFR 390.5. Specifically, the change and expansion in reach of the term employee was undertaken to ensure that a financially responsible party will be available to compensate members of the public injured in a collision with a commercial motor vehicle. Moreover, because the MCS-90 Form expands coverage so broadly, the drafters were explicit that they in no way intended to expand coverage to employees of the insured.

12. In the instant action, Mr. Olivas is not an employee of the insured or even an independent contractor hired by the insured. Rather, he is an employee of an independent contractor hired by the insured. In addition, it is important to note that while Ms. Sanchez is an independent contractor, she was not "operating a commercial motor vehicle" at the time the underlying cause of action accrued. Consequently, she is not an employee under the language of the Motor Carrier Safety Act, and if she is not an employee under the Act, OLIVAS is certainly not an employee. *See* 49 U.S.C. § 31132(2). Finally, OLIVAS is not a member of the motoring public designed to be protected by the adoption of the "statutory employee" definition. There is, therefore,

absolutely no basis to deem him a statutory employee with regard to his own personal claims as an independent contractor. Such an expansive application of the definition of statutory employee to all definitions of employee in the insurance policy, which in effect redefines the term employee for all purposes, is not warranted especially when the term employee is defined within the policy in a much narrower scope. Plaintiff's argument in this respect must be rejected.

## V.
## RULE DEFINING INDEPENDENT CONTRACTOR AS STATUTORY EMPLOYEE OF HIRING MOTOR CARRIER IS VOID AS AGAINST PUBLIC POLICY

13. Defendant RAPID LOGISTICS maintains that OLIVAS was not its employee (statutory or otherwise). However, in the event this Court finds that OLIVAS was a statutory employee of the respondent herein, RAPID LOGISTICS asserts that application of the "statutory employee definition and its effect on employee exclusion clauses is void as against public policy. If an independent contractor (such as OLIVAS) is statutorily defined as an employee of the hiring motor carrier (in this case RAPID LOGISTICS), it would never be able to insure itself against the risk of exposure occasioned by the independent contractor's injuries or death while in the course and scope of his statutory employment. (*See* Exh. "D" at ¶3; Affidavit of Dewey Young) Furthermore, in the event an independent contractor is deemed a statutory employee of the motor carrier that hired him or her, neither a Basic Automobile Liability Insurance Policy (such as that insuring RAPID LOGISTICS in this case) nor a Commercial General Liability Policy ("CGL") would ever insure the motor carrier for the injuries or death of the independent contractor/statutory employee because of the employee exclusion. (*See Id.*)

14. In addition, even if a motor carrier had worker's compensation insurance, said insurance would not protect it from liability exposure arising from the injuries to or death of its independent contractor because an independent contractor is not considered an employee of the motor carrier that hires him or her for purposes of worker's compensation insurance. (*See Id.* at ¶ 4) Moreover, even if the motor carrier requires the independent contractor to carry his or her own insurance, that insurance would only insure against exposure occasioned by the acts or omissions of the independent contractor, not against the acts or omissions of the motor carrier. (*See Id.*) As such and to the extent an independent contractor is defined as an employee of the hiring motor carrier, there is no insurance policy that would protect the hiring motor carrier from the risk of exposure occasioned by injuries sustained by or the death of an independent contractor while in the course and scope of his "employment" with the motor carrier. (*See Id.* at ¶ 5) Clearly, the effect of this construction is void as against public policy.

## VI.
## WHETHER CANAL INDEMNITY HAS A DUTY TO INDEMNIFY RAPID LOGISTICS IS NON-JUSTICIABLE AND CANAL INDEMNITY'S REQUEST FOR A DECLARATION OF NO DUTY TO INDEMNIFY SHOULD BE DENIED

15. The Underlying Suit has not been adjudicated. CANAL INDEMNITY requests not only a declaration regarding its duty to defend, but also a declaration that it has no duty to indemnify RAPID LOGISTICS for any judgment or settlement entered in the underlying suit. Plaintiff's motion for summary judgment regarding the duty to indemnify should be denied because this issue is simply not justiciable at this time. *See Northfield Ins. Co. v. Loving Home Care*, 363 F.3d 523, 529 (5th Cir. 2004) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997)).

16. "Texas law generally prohibits the determination of the duty to indemnify before the conclusion of the underlying suit against the insured. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004). Texas law only considers the duty to indemnify question justiciable after the underlying suit is concluded, unless "the same reasons that negate the duty to defend likewise negate *any possibility* the insurer will *ever have a duty to indemnify.*" *Id.* at 528. This narrow exception is sometimes referred to as the "*Griffin* exception" because it finds its origin in *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

17. In *Griffin*, the issue was whether facts developed in the underling tort suit for injuries caused by a drive-by shooting could form the basis for coverage under an automobile policy. *Id.* at 84. The Texas Supreme Court explained in that case that no "facts can be developed in the underlying tort suit that can transform a drive-by shooting into an 'auto accident.'" *Id.* In that scenario, "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify." *Id.* The court's conclusion was "grounded on the impossibility that the drive-by shooting in that case could be transformed by proof of any conceivable set of facts into an auto accident covered by the insurance policy." *D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd.*, 300 S.W.3d 740, 745 (Tex. 2009). "It was not based on a rationale that if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition." *Id.*

18. In light of the clearly defined rule of law set forth above, the duty to indemnify is not justiciable in the present case for two reasons. First, for reasons

previously discussed, CANAL INDEMNITY has a duty to defend RAPID LOGISTICS in the Underlying Suit. The narrow *Griffin* exception only potentially applies in situations where the court first determines that the insurer has *no* duty to defend. "Although Texas Courts had previously held that because the duty to defend is broader than the duty to indemnify, if there was no duty to defend, there was no duty to indemnify, the Texas Supreme Court recently held that the duty to indemnify is independent from the duty to defend and an insurer may have a duty to indemnify even if a duty to defend never arises." *American Home Assur. Co. v. Cat Tech, L.L.C.,* 717 F.Supp.2d 672, 687-86 (S.D. Tex. 2010) (citing *D.R. Horton,* 300 S.W.3d at 744.). Since CANAL INDEMNITY has a duty to defend, the duty to indemnify is not justiciable. *See, e.g., Wellington Specialty Ins. Co. v. Ling,* 2009 WL 2136399 (N.D. Tex. 2009) (holding that because the insurer had a duty to defend, "[the insurer's] claim for a declaratory judgment regarding its duty to indemnify is not justiciable, and the court lacks subject matter jurisdiction over that claim.").

19. Second, assuming *arguendo* that CANAL INDEMNITY had no duty to defend RAPID LOGISTICS, CANAL INDEMNITY'S request for a declaratory judgment regarding its duty to indemnify RAPID LOGISTICS would still be non-justiciable. In *D.R. Horton,* the Texas Supreme Court noted that "it may be necessary to defer resolution of the indemnity issues until *after* the underlying third-party litigation is resolved because coverage may turn on facts actually proven in the underlying lawsuit." 300 S.W.3d at 745. "These facts may potentially trigger [CANAL INDEMNITY'S] duty to indemnify. Ruling on the duty to indemnify might, therefore, be premature and 'might very well conflict with findings yet to be made in the state court.'" *Canal Ins. Co. v. Flores,* 2009

WL 1033770, *10 (W.D. Tex. 2009) (citation omitted). "Any holding this Court makes regarding [CANAL INDEMNITY'S] duty to indemnify remains contingent on a finding that [the underlying defendants] are liable in the Underlying Action." *Id.* at 11. "It is therefore in the consideration of practicality and wise judicial administration not to rule on [CANAL INDEMNITY'S] duty to indemnify before the Underlying Suit is fully adjudicated…." *Id.* For these reasons, Defendant RAPID LOGISTICS contends, in the alternative, that this court should decline to rule on CANAL INDEMNITY'S duty to indemnify at this time because any such ruling would be premature.

## VII.
## CONCLUSION AND PRAYER

20. In this response, Defendant RAPID LOGISTICS has demonstrated that CANAL INDEMNITY has both a duty to defend and a duty to indemnify RAPID LOGISTICS in connection with the Underlying Suit. The arguments by which CANAL INDEMNITY attempts to negate its duties to defend and indemnify are unfounded. For all the reasons set forth in this Response, CANAL INDEMNITY'S Motion should be denied.

**WHEREFORE, PREMISES CONSIDERED,** Defendant RAPID LOGISTICS respectfully prays that this Court:

a. Deny Canal Indemnity Insurance Company's Motion for Summary Judgment in its entirety;

b. Rule that Canal Indemnity Insurance Company has a duty to defend Rapid Logistics, L.L.C. f/k/a Rapid Logistics, Inc. d/b/a Rapid Transport in the suit styled *Ana L. Torres, as Next Friend of C.T., Mi.T, Ma.T, and L.T., Jr. v. Rapid Logistics, L.L.C. f/k/a Rapid Logistics, Inc. d/b/a Rapid Transport;* Cause No. C-1091-I-D; pending in the 206th Judicial District Court of Hidalgo County, Texas;

c. Rule that Canal Indemnity Insurance Company has a duty to indemnify Rapid Logistics, L.L.C. f/k/a Rapid Logistics, Inc. d/b/a Rapid Transport in the suit styled *Ana L. Torres, as Next Friend of C.T., Mi.T, Ma.T, and L.T., Jr. v. Rapid Logistics, L.L.C. f/k/a Rapid Logistics, Inc. d/b/a Rapid Transport;* Cause No. C-1091-I-D; pending in the 206th Judicial District Court of Hidalgo County, Texas; and

d. Grant to Defendant Rapid Logistics such other and further relief as it deems just and proper.

Respectfully submitted,

**GRIFFITH & GARZA, L.L.P.**
426 W. Caffery Ave.
Pharr, Texas 78539
Tel. No. (956) 971-9446
Fax No. (956) 971-9451

By: ____/s/____________________
John R. Griffith
Texas Bar No. 08480750
Fed. ID No. 12186
**ATTORNEY-IN-CHARGE FOR DEFENDANT RAPID LOGISTICS, L.L.C. F/K/A RAPID LOGISTICS, INC. D/B/A RAPID TRANSPORT**

**CERTIFICATE OF SERVICE**

I certify that on the 6th day of December, 2011, a true and correct copy of Defendant Rapid Logistics' Response to Plaintiff Canal Indemnity's Motion for Partial Summary Judgment was served on all counsel of record:

/s/

JOHN R. GRIFFITH

**CERTIFICATE OF CONFERENCE**

Pursuant to LR 7.1 D, a certificate of conference is not required.

/s/

JOHN R. GRIFFITH